

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF Il
EASTERN DIVISION

08CV4108
JUDGE KENNELLY
MAGISTRATE JUDGE VALDEZ

YAODI HU )
)
) Jury Demand
v. )
) $500,000
City of Chicago )

**FILED**
JUL 2 1 2008 TC
Jul 21, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

## Introduction

1      Yaodi Hu appearing pro se hereby files his section 1983 action against City of Chicago.

## Parties

2      Yaodi Hu is an Illinois resident at 219 w. Cermak Chicago IL 60616.

3      City of Chicago is a municipal authority.

## Jurisdiction

4      The Court has jurisdiction over this cause of action under 28 U.S.C.§1331 and 28 U.S.C. § 1343(a)(4), because the action arises under the laws of the United States. The Court has supplemental jurisdiction under 28 U.S.C. § 1367. The requested relief is proper under 28 U.S.C. § 2202. An actual justiciable controversy exists between the Plaintiffs and Defendants in the instant case.

## Venue

5      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2), in that all the

1

events giving rise to the claim arose in this district.

## Statement of Fact

6    Plaintiff Hu is an Asian. Hu owns a property located at 4951 S. Marshfield Chicago iL 60609. The City of Chicago issued stop work order without hearing. It was issued partly because Hu is Asian Minority.

7    May 30, 2006, Hu obtained a Permit from City of Chicago for replacing his roof and siding. Hu's property had a fire earlier.

8    City of Chicago Inspector issued several "Stop Work Order" in July, August of 2006, claiming that Hu is converting second floor attic into living quarters. Hu's property second floor had bath room and was used as living quarters.

9    Ever since City of Chicago issued Stop Work Order, Hu has been unable to repair the property and rent it out.

## Count I

## Stop Work Order was Issued without Pre-Hearing and Post-Hearing Violated Due Process of 14th Amendment

10    The City issued permit for Hu to replace the Roof. Whether Hu's work is beyond the scope of the Permit, is a mixed question of fact and law. For the Inspector to have the power revoking the permit without hearing is a violation of due process of the Fourteenth Amendment.

11    Hu has the legal property right under the Permit to continue his repair work. Issuing the "Stop Work Order" deprived Hu's property right without due process of law under the Fourteenth Amendment.

12    Hu's property has been vacant since then. Hu is praying for compensatory damages and punitive damages. Hu is praying for loss of rent. Hu is praying for declaratory and injunctive relief against the City of Chicago.

# Count II

## Violation of 42 U.S.C. § 1981

13  City of Chicago targeted minority home owners issuing building code violations and so on. City of Chicago also targeted minority home owners in issuing "Stop Work Order" in order to force owner applying a new permit bringing new revenues to City of Chicago. The City of Chicago has a custom, pattern of practice, and a culture of targeting minority communities in issuing those Stop Work Orders and building code violations.

14  Hu is Asian minority.

15  Hu is praying for compensatory and punitive damages.

# Count III.

## Violation of Equal Protection Clause of 14th Amendment

16  "This circuit has recognized at least three ways in which a plaintiff may successfully allege a violation of equal protection rights: (1) plaintiff was singled out for unequal treatment because of her membership in a vulnerable group (based on race, gender, etc.); (2) plaintiff was subjected to law or policies that make irrational distinctions; or (3) plaintiff endured an "orchestrated campaign of official harassment directed against (her) out of sheer malice." *Esmail v. Macrane*, 53 F.3d 176, 178 (7th Cir. 1995). See also *Union Pacific Railroad Company v. the Village of South Barrington* 958 F.Supp. 1285 (N.D. IL 1997)

17  City of Chicago issued multiple "Stop Work Orders". Hu is minority and was being single out by the City of Chicago.

18  Plaintiff prays for compensatory and punitive damages.

## Count IV. Violation of Substantive Due Process

19  The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."

U.S. Const. amend. XIV. The Due Process Clause has a substantive component. See. E.g., *Planned Parenthood of S.E. Pennsylvania v. Casey*, 505 U.S. 833, 846-47 (1992)

20  "To claim substantive due process violation in this circuit, a plaintiff must allege that: (1) it was subjected to 'arbitrary and irrational conduct by the state; and (2) either state law remedies are inadequate or an independent constitutional violation exists." *Union Pacific Railroad Company v. Village of South Barrington* 958 F. Supp. 1285, (N.D.Ill. 1997). *Kauth v. Hartford Insurance Company of Illinois* 852 F.2d. 951, 958, (7th Cir. 1988), *Contreras v. City of Chicago*, 119 F.3d 1286, 1294 (C.A. 7 (Ill.), 1997).

21  City of Chicago issued "Stop Work Order" irrationally and arbitrarily.

22  There is independent Constitutional violation, such as Due Process violation, (Count I), Equal Protection violation (Count IV).

# Count V.

# Stop Work Order is Temporary Regulatory Taking without Compensation Violating Fifth Amendment

23  Hu is alleging temporary regulatory taking by City of Chicago by issuing "Stop Work Order." Hu has no other valuable use of the property, when he was stopped from repairing his property.

24  City of Chicago was imposing impossible requirement upon Hu in terms of getting his property repaired. Hu was not converting his property into something other than then current use.

25  Hu claims for just compensation based upon *First English Evangelical Lutheran Church v. County of Los Angeles* (1987), 482 U.S. 304.

4

## Count VI

## Violation of Taking without Just Compensation under Art. I § 15 of Illinois Constitution

26  Art. I § 15 of Illinois Constitution states: "Private property shall not be taken or damaged for public use without just compensation as provided by law. Such compensation shall be determined by a jury as provided by law."

27  The Supreme Court Illinois ruled in **_Rigney v. City of Chicago_** 102 Ill.64, that "damaged meant any direct physical disturbance of a right, either public or private, which an owner enjoys in connection with his property; a right which gives the property an additional value; a right which is disturbed in a way that inflicts a special damage with respect to the property in excess of that sustained by the public generally." See Citizens Utilities Company of Illinois v. the Metropolitan sanitary District of Greater Chicago, 322 N.E.2d 857, 61 25 Ill.App.3d 252, (1st Dist. 1974).

28  Hu can only have some economically valuable use of the subject property after he fixed the roof and siding. Hu need to further complete his interior work and Hu planned to obtain permit for further repair work.

29  Issuing stop work order is taking under the Art. I § 15 of Illinois Constitution by both the Village of Maywood and Robinson Towing. It is without just compensation.

## Count VII.

## Violation of 42 U.S.C. § 1982

30  Section 1982 states: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

31  Hu is Asian Minority. The Stop Work Order was issued discriminatorily to Hu violating section 1982.

5

32   Because of City of Chicago's action, Hu can't possibly lease his property out.  Hu legal right under section 1982 was violated.  See *Fakorzi v. Dillard's Inc.*, 252 F.Supp. 2d 819 (SD Iowa, 2003)f

## Relief Sought

33   Hu is seeking declaratory and injunctive relief.   Hu is also seeking compensatory and punitive damages against City of Chicago.

Respectfully submitted

Yaodi  Hu     219 w. Cermak Chicago IL 60616   (312) 808 8899

(773) 216 3173

e-mail:   yaodi_hu@sbcglobal.net


Signature    Yaodi Hu