### UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| YAODI HU | ) | Jury demand |
| v. | ) | case no.  08 cv 4108 |
| | ) | $500,000 |
| City of Chicago | ) | Judge Kennelly |
| Mayflower Food | ) | |

# First Amended COMPLAINT

## Introduction

1    Yaodi Hu appearing pro se hereby files his section 1983 action against City of Chicago and Mayflower Food.   **Part I** of the Complaint is the original complaint relates to the subject property at 4951 S. Marshfield Chicago IL 60609 with City of Chicago as the only defendant.   **Part II** of the Complaint relates to the unlawful arrest made by City of Chicago police at the request of Mayflower Food.  Plaintiff added **Part II** of the complaint to the original Complaint.  **Part II** is unrelated to the **Part I.**   Under FRCP 15 (a), plaintiff has absolute right as a matter of course to amend his complaint once, adding additional defendant.  See **_Lawrence v. Richman Group Capital Corp_**. (2005, DC Conn) 358 F.Supp.2d 29.

.    ## Parties

2    Yaodi Hu is an Illinois resident at  219 w. Cermak Chicago IL 60616.

3    City of Chicago is a municipal authority.

4    Mayflower Food is a grocery store locate at 2104 S. Archer Chicago IL 60616.

## Jurisdiction

5    The Court has jurisdiction over this cause of action under  28 U.S.C.§1331 and 28 U.S.C. § 1343(a)(4), because the action arises under the laws of the United States.  The Court has supplemental jurisdiction under 28 U.S.C. § 1367.  The requested relief is proper under 28 U.S.C. § 2202.   An actual justiciable controversy exists

between the Plaintiffs and Defendants in the instant case.

## Venue

6    Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2), in that all the events giving rise to the claim arose in this district.

# Part I of the Complaint

## Statement of Fact

7    Plaintiff Hu is an Asian. Hu owns a property located at 4951 S. Marshfield Chicago iL 60609. The City of Chicago issued stop work order without hearing. It was issued partly because Hu is Asian Minority.

8    May 30, 2006, Hu obtained a Permit from City of Chicago for replacing his roof and siding. Hu's property had a fire earlier.

9    City of Chicago Inspector issued several "Stop Work Order" in July, August of 2006, claiming that Hu is converting second floor attic into living quarters. Hu's property second floor had bath room and was used as living quarters.

10    Ever since City of Chicago issued Stop Work Order, Hu has been unable to repair the property and rent it out.

## Count I
**Stop Work Order was Issued without Pre-Hearing and Post-Hearing Violated Due Process of 14th Amendment**

11    The City issued permit for Hu to replace the Roof. Whether Hu's work is beyond the scope of the Permit, is a mixed question of fact and law. For the Inspector to have the power revoking the permit without hearing is a violation of due process of the Fourteenth Amendment.

12    Hu has the legal property right under the Permit to continue his repair work. Issuing the "Stop Work Order" deprived Hu's property right without due process

of law under the Fourteenth Amendment.

13   Hu's property has been vacant since then.  Hu is praying for compensatory damages and punitive damages.  Hu is praying for loss of rent.  Hu is praying for declaratory and injunctive relief against the City of Chicago.

## Count II
## Violation of 42 U.S.C. § 1981

14   City of Chicago targeted minority home owners issuing building code violations and so on.  City of Chicago also targeted minority home owners in issuing "Stop Work Order" in order to force owner applying a new permit bringing new revenues to City of Chicago.   The City of Chicago has a custom, pattern of practice, and a culture of targeting minority communities in issuing those Stop Work Orders and building code violations.

15   Hu is Asian minority.  Hu is praying for compensatory and punitive damages.

## Count III.
## Violation of Equal Protection Clause of 14th Amendment

16   "This circuit has recognized at least three ways in which a plaintiff may successfully allege a violation of equal protection rights: (1) plaintiff was singled out for unequal treatment because of her membership in a vulnerable group (based on race, gender, etc.);   (2) plaintiff was subjected to law or policies that make irrational distinctions; or (3) plaintiff endured an "orchestrated campaign of official harassment directed against (her)  out of sheer malice." *Esmail v. Macrane*, 53 F.3d 176, 178 (7th Cir. 1995).  See also *Union Pacific Railroad Company v. the Village of South Barrington*  958 F.Supp. 1285 (N.D. IL 1997)

17   City of Chicago issued multiple "Stop Work Orders".  Hu is minority and was being single out by the City of Chicago.

18   Plaintiff prays for compensatory and punitive damages.

## Count IV.  Violation of Substantive Due Process

19      The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.  The Due Process Clause has a substantive component.  See. E.g., **_Planned Parenthood of S.E. Pennsylvania v. Casey_**, 505 U.S. 833, 846-47 (1992)

20      "To claim substantive due process violation in this circuit, a plaintiff must allege that:  (1) it was subjected to 'arbitrary and irrational conduct by the state; and (2) either state law remedies are inadequate or an independent constitutional violation exists."  **_Union Pacific Railroad Company v. Village of South Barrington_** 958 F. Supp. 1285, (N.D.Ill. 1997).  **_Kauth v. Hartford Insurance Company of Illinois_** 852 F.2d. 951, 958, (7th Cir. 1988), **_Contreras v. City of Chicago,_** 119 F.3d 1286, 1294 (C.A. 7 (Ill.), 1997).

21      City of Chicago issued "Stop Work Order" irrationally and arbitrarily.

22      There is independent Constitutional violation, such as Due Process violation, (Count I),  Equal Protection violation (Count IV).

## Count V.
## Stop Work Order is Temporary Regulatory Taking without Compensation Violating Fifth Amendment

23      Hu is alleging temporary regulatory taking by City of Chicago  by issuing "Stop Work Order."   Hu has no other valuable use of the property, when he was stopped from repairing his property.

24      City of Chicago was imposing impossible requirement upon Hu in terms of getting his property repaired.   Hu was not converting his property into something other than then current use.

25      Hu claims for just compensation based upon **_First English Evangelical Lutheran Church v. County of Los Angeles_** (1987),  482 U.S. 304.

## Count VI
## Violation of Taking without Just Compensation under Art. I § 15 of Illinois Constitution

26	Art. I § 15 of Illinois Constitution states: "Private property shall not be taken or damaged for public use without just compensation as provided by law. Such compensation shall be determined by a jury as provided by law."

27	The Supreme Court Illinois ruled in **_Rigney v. City of Chicago_** 102 Ill.64, that "damaged meant any direct physical disturbance of a right, either public or private, which an owner enjoys in connection with his property; a right which gives the property an additional value; a right which is disturbed in a way that inflicts a special damage with respect to the property in excess of that sustained by the public generally." See Citizens Utilities Company of Illinois v. the Metropolitan sanitary District of Greater Chicago, 322 N.E.2d 857, 61 25 Ill.App.3d 252, (1st Dist. 1974).

28	Hu can only have some economically valuable use of the subject property after he fixed the roof and siding. Hu need to further complete his interior work and Hu planned to obtain permit for further repair work.

29	Issuing stop work order is taking under the Art. I § 15 of Illinois Constitution by both the Village of Maywood and Robinson Towing. It is without just compensation.

## Count VII.
## Violation of 42 U.S.C. § 1982

30	Section 1982 states: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

31	Hu is Asian Minority. The Stop Work Order was issued discriminatorily to Hu violating section 1982.

32	Because of City of Chicago's action, Hu can't possibly lease his property out. Hu

legal right under section 1982 was violated.  See *Fakorzi v. Dillard's Inc*., 252 F.Supp. 2d 819 (SD Iowa, 2003)

# Part II of the Complaint

## Statement of the Fact

33  Sometime less than four years ago, plaintiff went to the Mayflower Food located at 2104 S. Archer Chicago IL 60616.

34  Plaintiff had been a regular customer of the store known by many of the staff of the store.

35  That evening, Hu purchased some fish and some other merchandise.  As part of the service, the store regularly cut the purchased fish.

36  Hu tendered his credit at the check out counter.  Because the store employee all knew Hu, Hu's identification was never required to be presented to check out.

37  For some reason, the store declined to accept the credit card, because Hu did not carry his ID.  The store refuse the allow Hu abandoning his purchase of the merchandise and leave the store.  The fish had been cut and the store insisted Hu remained in the store until Hu get his wife coming with cash.

38  The store was approaching the closing time.  The store employee called the police department.  The store has its connection with one of the Chicago Chinese cop.  The store locked the door and physically restrained HU from leaving the store.  Chicago police arrived, with one big and tall white sergeant and a Chicago Chinese cop.

39  The sergeant insisted upon Hu paying the cash for the merchandize.  Hu did not have the cash and the store still refused to take Hu's credit card.  Hu's wife Jun Zhou arrived on the scene.  Hu explained to her that the Cop was forcing Hu to pay cash for the merchandise.

40  The store eventually charged Hu with attempted theft and Hu was arrested.

41  Hu was sent to the police station for several hours.  Ultimately, the charge against Hu was dropped and Hu was release the same evening.

## Count VIII.
## Violation of 42 U.S.C. § 1981

42  42 U.S.C. § 1981 (a) states the following   (a): **statement of equal right**: " All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

43  42 U.S.C § 1981 (b) **"Make and enforce contracts" defined:** "For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

44  Hu is ethnic Chinese.  Hu was attempting to make a contract purchasing the merchandise.   The purchase of the merchandises did not complete because of Mayflower. Had Hu been a white American, the store would never have treated him that way.   Mayflower' management and employees conduct were unlawful discrimination and harassment in the public work place violating section 1981.

## Count IX
## Violation of Equal Protection Clause of 14th Amendment

45  "This circuit has recognized at least three ways in which a plaintiff may successfully allege a violation of equal protection rights: (1) plaintiff was singled out for unequal treatment because of her membership in a vulnerable group (based on race, gender, etc.);   (2) plaintiff was subjected to law or policies that make irrational distinctions; or (3) plaintiff endured an "orchestrated campaign of official harassment directed against (her)  out of sheer malice." *Esmail v.*

*Macrane*, 53 F.3d 176, 178 (7th Cir. 1995).  See also *Union Pacific Railroad Company v. the Village of South Barrington*  958 F.Supp. 1285 (N.D. IL 1997).

46  Plaintiff was singled out for unequal treatment because of his ethnic background. If a white purchaser had to cancel his or her purchase, because of his or her inability to pay by cash,  the store would have allowed the cancellation without calling the police.

## Count X
## Defendants Committed False Arrest, False Imprisonment and Violated Fourth Amendment of U.S. Constitution

47  Defendants' conspiracy and their action  to arrest Hu violated Fourth Amendment of U.S. Constitution.  Defendants committed false arrest, false imprisonment.

## Count XI
## Violation of 42 U.S.C. § 1985

48   42 U.S.C. § 1985 (3) states the following: "If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more   persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be   done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and

exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

49   Defendant Mayflower and defendant City of Chicago conspired to deprive Hu's right under section 1981.  It is pattern of practice, custom and the policy of the police of Chicago arresting people without probable cause just to show their power and their support to a particular business.  The grocery store Mayflower also tried to flex its muscle demonstrating its connection and power.

## Relief Sought

50   Hu is seeking declaratory and injunctive relief.  Hu is also seeking compensatory and punitive damages against City of Chicago and Mayflower Food.

Respectfully submitted

Yaodi Hu     219 w. Cermak Chicago IL 60616     (312) 808 8899

(773) 216 3173

e-mail:   yaodi_hu@sbcglobal.net

Signature    Yaodi Hu